IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MELANIE SCHNEIDER,           §
                             §
        Plaintiff,           §
                             §
v.                           §          Civil Action No. 3:24-CV-02142-N
                             §
KIMBERLEY HALEY, *et al.*,    §
                             §
        Defendants.          §

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Melanie Schneider's motion to remand [4] and Defendants Affordable Contractors Insurance, LLC ("ACI"), Kimberley Haley, Sean O'Keefe, and Timothy Allred's motion to dismiss [3]. First, because the Court determines that Defendant Haley was improperly joined, the Court denies the motion to remand and dismisses Haley without prejudice. Then, the Court grants in part and denies in part Defendants' motion to dismiss and grants Schneider leave to amend her pleadings against Defendants ACI, O'Keefe, and Allred following this Order.

### I. ORIGINS OF THE DISPUTE

This case arises out of an insurance procurement dispute. Schneider is suing Defendants for several state-law causes of action related to the procurement of an insurance policy for a general contractor, Thomas Salmon, so that he could work on Schneider's property. *See generally* Pl.'s First Am. Pet. [14-3]. ACI is an insurance agency, and O'Keefe is its owner and sole managing-member. *Id.* ¶ 23. Allred is a contractors insurance specialist at ACI. *Id.* ¶ 42. And Haley is a regional manager at ACI. *Id.* ¶ 48.

MEMORANDUM OPINION AND ORDER – PAGE 1

Schneider alleges that Defendants unlawfully procured a policy for Salmon and provided him with a fraudulent Certificate of Liability Insurance ("COI") on January 24, 2022, and then provided Salmon with another fraudulent COI on July 12, 2022, as the second COI falsely represented that Schneider was an additional named insured on Salmon's policy. *Id.* ¶¶ 29, 35, 58–61, 67.  Schneider further alleges that Haley emailed the July 12, 2022, COI to Salmon, who then forwarded it to Schneider.  *Id.* ¶ 47.

Schneider filed this case in the 193rd judicial district of Dallas County, Texas, on July 22, 2024.  *See* Pl.'s Orig. Pet. 1 [14-3].  Her claims include violations of the Texas Business and Organizations Code; violations of the Texas Tax Code; violations of the Texas Insurance Code; violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"); fraud; fraudulent inducement; fraud by nondisclosure; negligence; breach of contract; conspiracy; and declaratory relief.

ACI removed the case, invoking diversity jurisdiction as the basis for removal.  Am. Notice of Removal ¶ 9 [14].  ACI asserts that Haley has been improperly joined, so her citizenship should be disregarded for purposes of diversity jurisdiction.  *Id.* ¶ 19.  Schneider and Haley are both citizens of Texas, while ACI, O'Keefe, and Allred are citizens of Arizona.  *Id.* ¶¶ 12–16.  Schneider moves to remand the case, arguing that she properly joined Haley.  Pl.'s Mot. Remand 5 [4].  Defendants also move to dismiss all Schneider's claims.  Defs.' Mot. Dismiss 5 [3].

## II.  LEGAL STANDARDS FOR REMAND AND IMPROPER JOINDER

A defendant may remove a state court action to federal court if the defendant establishes the federal court's original jurisdiction over the action.  *See* 28 U.S.C. § 1441.

MEMORANDUM OPINION AND ORDER – PAGE 2

To remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity jurisdiction. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A]bsent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). For a federal court to have diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). Further, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

When diversity jurisdiction is claimed, the doctrine of improper joinder allows a court to "ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction." *Ross v. Nationwide Prop. & Cas. Ins. Co.*, 2013 WL 1290225, at *2 (S.D. Tex. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood*, 385 F.3d at 576. This burden can be met by showing that either (1) there was actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573). To establish the second category of improper joinder, the removing party must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a [nondiverse] defendant." *Id.* Courts conduct a "Rule 12(b)(6)–

type analysis" to determine whether a plaintiff has a reasonable basis for recovery against a nondiverse defendant. *Int'l Energy*, 818 F.3d at 200. If the plaintiff's pleadings are sufficient to state a claim under the Rule 12(b)(6) plausibility standard, then there is a reasonable basis to predict that the plaintiff could recover, and joinder is proper. *Id.* at 200–02.

If the Court finds that a nondiverse party was improperly joined, "that party *must* be dismissed without prejudice." *Int'l Energy*, 818 F.3d at 209; *see also Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (stating that "if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant").

### III. THE COURT DENIES THE MOTION TO REMAND

Defendants argue that Haley was improperly joined because there is no reasonable basis to predict that Schneider could recover on her claims against Haley. Defs.' Resp. 3 [10]. The Court addresses each of Schneider's claims against Haley in turn.

#### A. The Business Organizations Code and Tax Code Claims against Haley Fail

First, Schneider brings claims against Haley for ACI's alleged violations of section 9.001 of the Texas Business Organizations Code and sections 171.252, 171.255, and 171.363 of the Texas Tax Code. Pl.'s First Am. Pet. ¶¶ 88–122. Under section 9.001 of the Business Organizations Code, to "transact business in this state, a foreign entity must register under this chapter if the entity: (1) is a . . . foreign limited liability company . . . the formation of which, if formed in this state, would require the filing under Chapter 3 of

a certificate of formation." TEX. BUS. ORGS. CODE § 9.001(a)(1). However, the Code authorizes the attorney general — not individuals — to bring suit to recover amounts due to Texas under section 9.001. *Id.* § 9.052. Similarly, sections 171.252, 171.255, and 171.363 of the Tax Code relate to forfeiture of corporate privileges and criminal liabilities and do not create a private right of action by which Schneider could recover from Haley. *See* TEX. TAX CODE §§ 171.252, 171.255, 171.363. Accordingly, the Court holds that Schneider cannot prevail against Haley on the Business Organizations Code and Tax Code claims.[1]

### B. The Negligence, DTPA, Insurance Code, and Conspiracy Claims against Haley are Time Barred

Next, Defendants argue that Schneider's negligence, DTPA, and Insurance Code claims against Haley are time barred. Defs.' Resp. 4–8. Under Texas law, these claims each have a two-year statute of limitations. *See, e.g.*, *LaRue v. GeneScreen, Inc.*, 957 S.W.2d 958, 960 (Tex. App. — Beaumont 1997, pet. denied) (negligence); TEX. BUS. & COM. CODE § 17.565 (DTPA); TEX. INS. CODE § 541.162 (Insurance Code). All allegations against Haley relate to Haley's alleged conduct on July 12, 2022, when she emailed the COI to Salmon. Pl.'s First Am. Pet. ¶ 47. And Schneider filed her original petition on July 22, 2024 — more than two years after Haley sent the email.

---

[1] Schneider also "objects to ACI's notice of removal on the basis that ACI lacks capacity and the legal authority to take affirmative action in this lawsuit" pursuant to section 9.051(b) of the Texas Business Organizations Code. Pl.'s Supp. Mot. Remand ¶ 4 [15]. The Court rejects this argument as section 9.051(c) states that the "failure of a foreign filing entity to register does not . . . prevent the entity from defending an action, suit, or proceeding in this state." TEX. BUS. ORGS. CODE § 9.051(c).

Schneider argues that the discovery rule applies to toll the statutes of limitations. Pl.'s Mot. Remand 10–11. This rule provides a "very limited exception to statutes of limitations" by tolling the limitations period "until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) (citations omitted). "Rule 12(b)(6) dismissal under a statute of limitation is proper only when the complaint makes plain that the claim is time-barred and raises no basis for tolling." *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 253 (5th Cir. 2021). Here, Schneider did not raise a basis for tolling in her First Amended Petition, so the discovery rule does not apply. Accordingly, the Court holds that because Schneider's negligence, DTPA, and Insurance Code claims against Haley are time barred, Schneider has no reasonable chance of recovery on these claims.[2]

### C. Schneider Did Not Plead Fraud against Haley with Particularity

Schneider also brings claims against Haley for common law fraud, fraudulent inducement, and fraud by nondisclosure. Pl.'s First Am. Pet. ¶¶ 214–30. Federal Rule of Civil Procedure 9(b) requires plaintiffs bringing fraud claims to state such claims with particularity, or set forth "the 'who, what, when, where, and how' of the events." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC*

---

[2] Schneider's conspiracy claim against Haley is also time barred as it is based on claims that are time barred. *See* Pl.'s First Am. Pet. ¶ 299; *see also Agar Corp., Inc. v. Electro Circs. Int'l, LLC*, 580 S.W.3d 136, 138 (Tex. 2019) (holding that applicable statute of limitations for conspiracy claims must coincide with statute of limitations of the underlying claim).

*Arbitrage Pls. Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). Plaintiffs must allege with particularity the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)).

Here, Schneider's fraud claims against Haley fail because she does not state the claims with particularity. Almost all the pleadings supporting the fraud claims refer to "Defendants" collectively without specifying the identity of the person making the misrepresentation. *See* Pl.'s First Am. Pet. ¶¶ 214–30. And the only allegation specifically naming Haley relating to fraud is that the COI that she "prepared and presented on July 12, 2022, was fraudulent." *Id.* ¶ 61. The Court determines that these pleadings fail to set forth with particularity the "who, what, when, where, and how" of the events constituting fraud. *See Dorsey*, 540 F.3d at 339. The Court thus holds that Schneider has no reasonable chance of recovery on her fraud claims against Haley.

### D. The Breach of Contract Claim against Haley Fails

Defendants next assert that Schneider has not stated a plausible claim for breach of contract against Haley. Defs.' Resp. 8. Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. — Houston [14th Dist.] 2005, pet. denied)). Here, Schneider does not plead facts supporting

that a valid contract between Haley and Schneider existed. Further, she does not plead facts supporting that a valid contract between Haley and Salmon — Schneider's general contractor — existed, nor that she was the third-party beneficiary of such a contract. Accordingly, the Court holds that Schneider has no reasonable chance of recovery against Haley on her breach of contract claim.

### E. Schneider Cannot Prevail on a Declaratory Relief Claim against Haley

Additionally, Schneider seeks declaratory relief against Haley under the Texas Declaratory Judgment Act ("TDJA"). Pl.'s First Am. Pet. ¶¶ 303–04. Because TDJA is procedural and not substantive, it does not apply in federal court. *See, e.g.*, *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). Accordingly, the Court will treat Schneider's pleading as seeking relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Helicopter Consultants of Maui, Inc. v. Thales Avionics, Inc.*, 2009 WL 10689051, at *1 (N.D. Tex. 2009). The Court "cannot grant a declaratory judgment when there is no viable claim for relief because a declaratory judgment is not an independent cause of action." *Reyes v. U.S. Bank Nat'l Ass'n*, 2019 WL 7371099, at *6 (N.D. Tex. 2019) (citations omitted). Because Schneider cannot prevail on her other claims against Haley, she also cannot prevail on her declaratory relief claim against Haley.

As there is no reasonable basis for the Court to predict that Schneider can recover on any of its claims against Haley, the Court holds that Haley was improperly joined and dismisses Haley. Thus, Haley's citizenship may be disregarded. Therefore, this Court has diversity jurisdiction over the case, and ACI's removal was proper.

## IV.  RULE 12(B)(6) STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  However, a court may also consider documents outside of the pleadings if they fall within certain limited categories.  First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).  Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'"  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).  Finally, in "deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."  *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that the "district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand").

## V.  THE COURT GRANTS IN PART AND DENIES IN PART THE MOTION TO DISMISS

Next, the Court addresses Defendants' motion to dismiss the claims against ACI, O'Keefe, and Allred.  Having considered the relevant pleadings and applicable law, the Court grants the motion as to all Schneider's claims except the breach of contract claim against ACI and O'Keefe.

### A.  The Business Organizations Code, Tax Code, and Chapters 101 and 1811 of the Insurance Code Do Not Create Private Rights of Action

Schneider brings claims against ACI, O'Keefe, and Allred for ACI's alleged violations of section 9.001 of the Texas Business Organizations Code and sections 171.252,

171.255, and 171.363 of the Texas Tax Code. Pl.'s First Am. Pet. ¶¶ 88–122. As the Court explained in Section III.A, these provisions do not create a private right of action by which Schneider could recover from Defendants. Relatedly, Schneider brings Insurance Code claims arising under chapters 101 and 1811, Pl.'s First Am. Pet. ¶¶ 123–90, which stipulate that the commissioner and attorney general — not private citizens — hold the right of action for violations of these chapters. *See* TEX. INS. CODE §§ 101.104–.105, 1811.201– .204. Accordingly, the Court dismisses the Business Organizations Code claim, Tax Code claim, and Insurance Code claims arising under chapters 101 and 1811 against ACI, O'Keefe, and Allred.

### B. The DTPA Claim, Chapter 541 of the Insurance Code Claims, and Conspiracy Claim are Time Barred

Next, Schneider brings claims against ACI, O'Keefe, and Allred for violations of the DTPA and sections 541.061 and 541.052 of the Insurance Code. Pl.'s First Am. Pet. ¶¶ 192–212, 279–295. These claims are subject to a two-year statute of limitations. *See* TEX. BUS. & COM. CODE § 17.565 (DTPA); TEX. INS. CODE § 541.162 (Insurance Code). The last action of Defendants alleged by Schneider in support of her DTPA claim and claims arising under chapter 541 of the Insurance Code happened on July 12, 2022, when Defendants sent Salmon the second COI. *See* Pl.'s First Am. Pet. ¶¶ 194–204 (section 541.061); 208–12 (section 541.052); 291–94 (DTPA). Schneider filed her original petition more than two years after this date. So, the statute of limitations bars Schneider's DTPA claim and claims arising under chapter 541 of the Insurance Code. And, as the Court discussed in Section III.B, because Schneider did not plead in her First Amended Petition

that the applicable statutes of limitations are tolled by the discovery rule, the discovery rule does not apply.  Accordingly, the Court dismisses the DTPA and Insurance Code chapter 541 claims against ACI, O'Keefe, and Allred.[3]

### C. Schneider Did Not Plead Fraud against the Defendants with Particularity

Further, Schneider brings claims against ACI, O'Keefe, and Allred for common law fraud, fraudulent inducement, and fraud by nondisclosure.  Pl.'s First Am. Pet. ¶¶ 214–230.  As the Court discussed in Section III.C, Federal Rule of Civil Procedure 9(b) requires plaintiffs bringing fraud claims to state such claims with particularity, or set forth "the 'who, what, when, where, and how' of the events."  *Dorsey*, 540 F.3d at 339 (quoting *Tchuruk*, 291 F.3d at 350).  Plaintiffs must allege with particularity the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."  *Tuchman*, 14 F.3d at 1068 (quoting *Tel–Phonic Servs.*, 975 F.2d at 1139).

Here, Schneider's fraud claims against ACI, O'Keefe, and Allred fail.  Almost all the pleadings supporting the fraud claims refer to "Defendants" collectively without specifying the identity of the person making the misrepresentation.  *See* Pl.'s First Am. Pet. ¶¶ 214–30.  There are no allegations relating to fraud that mention ACI or O'Keefe by name.  And the only allegation specifically naming Allred is that he produced a fraudulent insurance policy and COI on January 24, 2022.  *Id.* ¶¶ 59–60.  Because these pleadings fail

---

[3] Schneider's conspiracy claim against ACI, O'Keefe, and Allred is also time barred as it is based on claims that are time barred.  *See* Pl.'s First Am. Pet. ¶ 299; *see also Agar Corp.*, 580 S.W.3d at 138.

to set forth with particularity the "who, what, when, where, and how" of the events constituting fraud, Court holds that Schneider has not stated a plausible claim to relief against ACI, O'Keefe, or Allred for the fraud claims.

### D.  The Negligence Claim against Allred is Time Barred

Next, Defendants argue that Schneider's negligence claim against Allred is time barred.  Defs.' Mot. Dismiss 16.  Under Texas law, negligence claims have a two-year statute of limitations.  *See, e.g.*, *LaRue*, 957 S.W.2d at 960.  All allegations against Allred relate to his presentation of the insurance policy and the first COI on January 24, 2022, and his involvement in creating the second COI on July 12, 2022.  Pl.'s First Am. Pet. ¶¶ 59– 63.  And Schneider filed her original petition more than two years after July 12, 2022. Moreover, as the Court discussed in Sections III.B and V.B, because Schneider did not plead in her First Amended Petition that the applicable statutes of limitations are tolled by the discovery rule, the discovery rule does not apply.  Accordingly, the Court dismisses the negligence claim against Allred.

### E.  Schneider Does Not State Negligence Claims against ACI or O'Keefe

The Court now turns to Schneider's negligence claims against ACI and O'Keefe, the owner of ACI.[4]  To maintain a negligence claim under Texas law, a plaintiff must show "the existence of a legal duty, a breach of that duty, and damages proximately caused by

---

[4] The negligence claims against ACI and O'Keefe are not barred by the statute of limitations because Schneider pleads that "ACI did not even protect [her] right to be informed as to the cancellation or non-renewal of Salmon's policy."  Pl.'s First Am. Pet. ¶ 67.  It is not clear that this conduct would have happened at least two years before the date Schneider filed this lawsuit.

the breach." *Kristensen v. United States*, 993 F.3d 363, 368 (5th Cir. 2021) (quoting *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). Schneider pleads that "Defendants had a duty to exercise the degree of care that a reasonably prudent [insurance] agent would use to avoid harm to others under similar circumstances." Pl.'s First Am. Pet. ¶ 231. Further, she alleges that ACI and O'Keefe breached that duty by not informing her of the cancelation or nonrenewal of Salmon's policy. *Id.* ¶ 67. ACI and O'Keefe move to dismiss Schneider's negligence claim against them on the ground that Schneider fails to plead facts supporting the existence of a legal duty that ACI and O'Keefe owed to Schneider, who was not their client. Defs.' Mot. Dismiss 17.

Under Texas law, an "insurance broker has limited duties under the common law." *W. Hous. Airport, Inc. v. Millennium Ins. Agency, Inc.*, 349 S.W.3d 748, 754 (Tex. App. — Houston [14th Dist.] 2011, pet. denied). For example, an insurance broker "generally does not owe a duty unless there is privity." *Brannan Paving GP, LLC v. Pavement Markings, Inc.*, 446 S.W.3d 14, 26 (Tex. App. — Corpus Christi 2013, pet. denied). Schneider has not cited, and the Court has not found, "any Texas cases interposing duties, if any, an insurance broker might owe to a non-client when," as here, "the broker's client requests procurement of a general-liability policy with a certificate designating the non-client as an additional insured."[5] *Millennium Ins. Agency*, 349 S.W.3d at 751. To the contrary, in

---

[5] The facts of *Brown & Brown of Texas, Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 393 (Tex. App. — Houston [1st Dist.] 2010, pet. denied), a case Schneider cites, are distinguishable from the facts at issue here. In *Brown & Brown*, the insurance agent made representations directly to the insured's customer about the insured's coverage, whereas

*Millennium Insurance Agency*, even though the injury to the nonclient was foreseeable, because the insurance broker and nonclient never communicated regarding insurance coverage prior to the lawsuit, the court held that no duty of the broker existed regarding procurement. *Id.* at 754. Here, similarly, Schneider alleges that she did not communicate with Defendants regarding procurement of the policy; instead, Salmon contacted Defendants about adding Schneider as an additional insured, and Defendants emailed the July 12, 2022, COI to Salmon. Pl.'s First Am. Pet. ¶ 46–47. Further, Schneider's pleadings indicate that she did not directly contact Defendants until she sent them a DTPA presuit notice letter in January 2024. *Id.* ¶¶ 29, 82–86. Accordingly, the Court holds that ACI and O'Keefe did not owe a duty to Schneider and dismisses her negligence and gross negligence claims against them.

### F. Schneider Does Not State a Breach of Contract Claim against Allred

Next, the Court reviews Schneider's breach of contract claim against Allred. As stated in Section III.D, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins*, 564 F.3d at 418 (quoting *Aguiar*, 167 S.W.3d at 450). Here, Schneider does not plead facts supporting that a valid contract between Allred and Schneider existed. Further, she does not plead facts supporting that a valid contract between Allred and Salmon existed, nor that she was the third-party beneficiary of such a contract.

---

here, Schneider does not plead that ACI and O'Keefe made representations directly to her about Salmon's coverage.

Accordingly, the Court holds that Schneider's pleadings do not support a breach of contract claim against Allred.

### G. Schneider is the Intended Third-Party Beneficiary of the Agreement between Salmon and ACI

Next, the Court analyzes Schneider's breach of contract claim against ACI and O'Keefe, in which Schneider asserts that she "was an intended third-party beneficiary of Defendants' agreement with Salmon." Pl.'s First Am. Pet. ¶ 273. Under Texas law, a "third party may recover on a contract made between other parties only if the parties intended to secure some benefit to that third party, and only if the contracting parties entered into the contract directly for the third party's benefit." *See, e.g.*, *MCI Telecommc'ns Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999).

Here, Schneider asserts that ACI and Salmon contracted for Defendants first to procure an insurance policy for Salmon, and then contracted for ACI to broker adding Schneider to Salmon's policy as an additional insured. Pl.'s First Am. Pet. ¶¶ 253–61. Specifically, she alleges that "Salmon instructed Defendants to add [her] as an additional insured on Salmon's Policy" and that "Defendants and Salmon intended to grant [her] the right to be a claimant." *Id.* ¶ 237; *see also id.* ¶ 46 (stating Salmon emailed ACI requesting to list Schneider as an additional insured on his policy). These pleadings support that ACI and Salmon contracted to have Defendants add Schneider to Salmon's policy with the intention of providing the direct benefit to Schneider of being an additional insured — which was a requirement for Schneider to obtain a builder's risk insurance policy. *Id.* ¶ 46. Defendants argue that Schneider's third-party beneficiary claim fails because

Defendants did not issue the insurance policy to Salmon. Defs.' Mot. Dismiss 17–18. However, Defendants misconstrue Schneider's claim — she is not claiming that Defendants breached the insurance policy itself, but that Defendants breached the agreement to add her to the policy as an additional insured. *See* Pl.'s First Am. Pet. ¶ 272.

Thus, construing the complaint in the light most favorable to Schneider, the Court holds that these allegations are sufficient to state plausible breach of contract claim against ACI and O'Keefe.

### G. The Court Dismisses the Declaratory Relief Claim against Allred

Next, Schneider seeks declaratory relief against Allred. Pl.'s First Am. Pet. ¶¶ 303–04. However, as discussed in Section III.E, "the Court cannot grant a declaratory judgment when there is no viable claim for relief because a declaratory judgment is not an independent cause of action." *Reyes*, 2019 WL 7371099, at *6. Because Schneider cannot prevail on her other claims against Allred, she also cannot prevail on her declaratory relief claim against Allred. Accordingly, the Court dismisses the declaratory relief claim against Allred.

### H. The Court Declines to Hear Schneider's Claim to Declaratory Relief against ACI and O'Keefe

Lastly, Schneider seeks declaratory relief against ACI and O'Keefe under TDJA. Pl.'s First Am. Pet. ¶¶ 303–04. As discussed in Section III.E, the Court will treat Schneider's pleading as seeking relief under the Federal Declaratory Judgment Act. *See Thales Avionics*, 2009 WL 10689051, at *1. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in

MEMORANDUM OPINION AND ORDER – PAGE 17

deciding whether to declare the rights of litigants." *SH Tobacco & Cigars, LLC v. Masters 96th LLC*, 2024 WL 1687663, at *9 (N.D. Tex. 2024) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)).  The Court may use its discretion to dismiss claims to declaratory relief if the Court finds that a declaratory judgment will "serve no useful purpose." *Wilton*, 515 U.S. at 288.  Here, because the declaratory relief Schneider seeks is duplicative of her other claims to relief, the Court uses its discretion to decline to hear Schneider's claim for declaratory judgment against ACI and O'Keefe.  *See SH Tobacco & Cigars*, 2024 WL 1687663, at *10 (declining to adjudicate declaratory relief claim because it was duplicative of breach of contract claim).

## CONCLUSION

First, because Defendant Haley was improperly joined, the Court denies Schneider's motion to remand and dismisses Haley without prejudice.  Second, the Court grants in part and denies in part Defendants' motion to dismiss.  The Court grants the motion to dismiss all claims against Defendant Allred and the Business Organizations Code, Tax Code, Insurance Code, DTPA, fraud, negligence, conspiracy, and declaratory relief claims against Defendants ACI and O'Keefe.  However, the Court denies the motion to dismiss the breach of contract claim against Defendants ACI and O'Keefe.  Moreover, the Court grants Schneider leave to amend her pleadings against ACI, O'Keefe, and Allred within thirty (30) days of this Order.  If she does not amend her pleadings within thirty (30) days, the Court will dismiss the following claims with prejudice without further notice: the Business Organizations Code, Tax Code, Insurance Code, DTPA, fraud, negligence, conspiracy, and

MEMORANDUM OPINION AND ORDER – PAGE 18

declaratory relief claims against ACI, O'Keefe, and Allred; and the breach of contract claim against Allred.

Signed March 17, 2025.

David C. Godbey
Chief United States District Judge